UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Valerie and Willie Reynolds,<br><br>     Plaintiffs,<br><br> v.<br><br>AFNI, Inc.; and DOES 1-10, inclusive,<br><br>     Defendants. | Civil Action No.: _____ |

## **COMPLAINT**

  Plaintiffs, Valerie and Willie Reynolds, say by way of Complaint against Defendant, AFNI, Inc., as follows:

## **JURISDICTION**

  1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

  2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

  3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiffs, Valerie and Willie Reynolds ("Plaintiffs"), are adult individuals residing in Newark, New Jersey, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant AFNI, Inc. ("AFNI"), is a Illinois business entity with an address of 404 Brock Drive, Bloomington, Illinois 61701, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by AFNI and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. AFNI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff Willie Reynolds allegedly incurred a financial obligation in the approximate amount of $636.00 (the "Debt") to Amp'd Mobile (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to AFNI for collection, or AFNI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>AFNI Engages in Harassment and Abusive Tactics</u>

12. Within the last year, AFNI contacted Plaintiffs in an attempt to collect the Debt.

13. AFNI called Ms. Reynolds in an attempt to collect the Debt and requested to speak to her son Willie Reynolds.

14. Ms. Reynolds informed AFNI that her son could not be reached at that number and instructed AFNI to cease calling her.

15. AFNI thereafter disclosed the Debt to Ms. Reynolds and demanded immediate payment from her.

16. Willie Reynolds called AFNI and informed them that the Debt had been paid and instructed AFNI to cease all communications with his mother. Plaintiff Willie Reynolds provided AFNI with his cellular telephone number and requested that AFNI contact him at that number if they have any future questions.

17. Despite being so informed, AFNI continued calling Ms. Reynolds in an attempt to collect the Debt.

18. AFNI called Mr. Reynolds cellular phone at an excessive rate, placing approximately two calls on a daily basis, including weekends.

19. On one occasion, AFNI called Plaintiff as early as 6:30 a.m.

20. AFNI threatened to file a legal action against Willie Reynolds if the Debt was not immediately paid. To date, no such action has been filed.

21. AFNI threatened to take funds directly out of Plaintiff's bank account without having legal authority to do so.

22. AFNI used loud and aggressive tone with Plaintiffs in an effort to intimidate them into making an immediate payment.

3

23. AFNI failed to inform Plaintiffs of their rights in writing as required by law.

C. **Plaintiffs Suffered Actual Damages**

24. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

27. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

29. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

4

30. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

31. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

32. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

34. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiffs a validation notice stating the amount of the Debt.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the Debt was owed.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiffs a validation notice stating the Plaintiffs' right to dispute the Debt within thirty days.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiffs a validation notice informing the Plaintiffs of a right to have verification and judgment mailed to the Plaintiffs.

42. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiffs a validation notice stating the Plaintiffs' right to request the name and address of the original creditor.

43. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

44. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

45. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

46. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to

6

liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

48. New Jersey further recognizes Plaintiffs' right to be free from invasions of privacy. Thus, the Defendant violated New Jersey state law.

49. The Defendants' telephone calls to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

50. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions enumerated above, the Plaintiffs are entitled to actual damages from the Defendants in an amount to be determined at trial.

52. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiffs are entitled to punitive damages from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiffs have suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

7

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 1, 2012

        Respectfully submitted,

        By: <u>/s/ Sofia Balile</u>

        Sofia Balile, Esq.
        Lemberg & Associates LLC
        1100 Summer Street
        Stamford, CT 06905
        Phone: (917) 981-0849
        Fax: (203) 653-3424

Case 2:12-cv-00284-DMC-JAD Document 2-2 Filed 03/01/12 Page 8 of 8 PageID: 53